UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE: | Case No.  12-32310
David Lee Marker | Chapter 13
                    Debtor |

AMENDED CHAPTER 13 PLAN

___   Original
_X_   Modification No. 3
___   Provision(s) _____ is are modified from the Trustee Standard Plan

## A.  PLAN PAYMENTS

1. Debtor will make payments in the amount of $ 432.73 per month.
2. Debtor estimates the plan length of 36 months.  The Plan payment will commence not later than 30 days from the date of filing of the voluntary petition or date of conversion.
3. Debtor will pay all statutory adequate protection payments through the Trustee office.  As such, provided the Debtor begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.
4. Debtor will turn over copies of federal and state tax returns each year of the Plan to the Trustee..
5. Debtor has prorated all income tax refunds into the disposable income and current monthly income calculations.
6. To meet the best interests of creditors test, the means test and/or the disposable income test, the Class Eight General Unsecured Creditors must receive no less then $ 4,765.50, pro rata.

## B.  DISBURSEMENTS BY TRUSTEE

1. **Class One - Administrative Expenses**
   a. *Trustee fees* as determined by statute.
   b. *Attorney fees and costs:* Attorney fees will be paid after Class Two, Four and Nine monthly payments are post petition current.  A fee of $6,975 less amounts paid as disclosed in the Rule 2016(b) Statement leaving a balance due of $5,975.

2. **Class Two - Continuing Claims:** Those secured claims on which the last payment is due beyond the length of the Plan.  Trustee shall commence payments from the date of the filing of the petition unless the proof of claim provides for a later date.  This class will be paid their monthly payment pro-rata with the Class Four and Nine.

   | Creditor | Address of Collateral | Monthly payment |
   |---|---|---|
   | **NONE** | | |

   To the extent that the Class Two Creditor incurs post petition fees or costs pursuant to the mortgage contract, it is the Creditor's duty to apply for pursuant to Section E and have approved such post petition costs and fees by the Bankruptcy Court BEFORE applying any post petition payments.  If creditor fails to apply and have approved such post petition costs and fees pursuant to the provisions contained herein in Section E, such costs may be deemed disallowed and any attempt to collect after discharge may be considered a violation of 11 U.S.C. §524(i).

3. **Class Three - Pre Petition Arrearage on Continuing Claims.**  To the extend the claim and Plan conflict, the Trustee shall pay the allowed proof of claim.  This class will be paid pro-rata after Classes Two Four and Nine.

   | Creditor/Collateral | Address of Collateral | Arrears Amount | Interest Rate |
   |---|---|---|---|
   | **NONE** | | | |

4. **Class Four - Secured Claims**
   **A.  Class Four (A)** creditors shall be paid the replacement value of their collateral, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class Two, Four and Nine.  To the extent that the proof of claim filed and confirmed Plan conflict, the Trustee shall pay the value pursuant to the Plan provisions with the remaining amount under the claim treated as a Class Eight Unsecured Claim.

   | Creditor | Collateral | Value | Interest Rate | Monthly Payment |
   |---|---|---|---|---|
   | **NONE** | | | | |

   FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR (A) CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, INTEREST RATE AND MONTHLY PAYMENT.

   **B.  Class Four (B)** creditors shall be paid the principal amount of their allowed claim, estimated below, retain their liens until discharge and shall be paid a monthly payment pro-rata with the Class Two Four and Nine creditors.

   | Creditor | Collateral | Value | Interest Rate | Monthly Payment |
   |---|---|---|---|---|
   | **NONE** | | | | |

   FAILURE TO TIMELY OBJECT TO CONFIRMATION OF THIS PLAN PROVISION SHALL BE DEEMED ACCEPTANCE OF INTEREST RATE AND MONTHLY PAYMENT.

   **C.  Class Four (C)** creditors have allowed secured claims for pre-petition real estate taxes.  The Treasurer shall retain the lien on the Debtor's real estate securing such tax claim, and to the extent that the taxes are not paid timely during the bankruptcy, upon notice to the Trustee, the estate will pay the remaining portion of the secured claim through the Trustee.  Debtor will then have the duty to increase debtor's payments to provide for the additional claim.  Class Four (C) claims will be paid concurrently with Class Six.

   | County | Address of Real Estate |
   |---|---|
   | Elkhart | 1624 S. Main St., Elkhart, IN 46516 |

5. **Class Five - Secured Creditors - Motion to Avoid Lien:** Class Five creditors were secured at one time, but is stripped and voided as the value of the Creditor's interest in the collateral is $0.00.  The secured status of the following creditor's claim shall be, upon discharge, completely stripped away by 11 U.S.C. §506(a), avoided by 11 U.S.C. §506(f) and pursuant to 11 U.S.C. §1327(c), the debtor's property shall be free and clear of all said pre petition liens listed below.  Class Five creditors shall only have a Class Eight unsecured claim which must be timely filed to be allowed.

   Legal description of property:

   Lot Numbered Twenty-Two (22) as the said Lot is known and designated on the recorded ALLENDALE PLAT, an addition in the City of Elkhart, Indiana; said Plat being recorded in Deed Record 98, page 226 in the Office of the Recorder of Elkhart County, Indiana.

   | | |
   |---|---|
   | Lienholder: | Regina Marker |
   | City/Court/County Recorded: | Elkhart Superior Court 6 |
   | Cause or Mortgage Account No. | 20D06-0905-DR-00256 |
   | Date of Judgment or Mortgage: | 7/6/11 |
   | Judgment or Mortgage Amount: | $16,426.33 |
   | | |
   | Lienholder: | Natixis Real Estate Capital, Inc. |
   | City/Court/County Recorded: | Elkhart Superior Court 2 |
   | Cause or Mortgage Account No. | 20D02-1004-MF-00131 |
   | Date of Judgment or Mortgage: | 9/30/10 |
   | Judgment or Mortgage Amount: | $167,084.28 |

6.  **Priority Unsecured Claims [11 U.S.C. §1322(a)(2)].** All allowed priority claims entitled to priority under 11 U.S.C. §507 shall be paid in full during the plan. This class will be paid pro-rata after Class Three Secured Claims are paid in full.

    | Creditor | Estimated Amount |
    |---|---|
    | **IRS** | **$159.90** |
    | **Regina Marker** | **$3900.00** |

7.  **Class Seven - Special Unsecured Claims** shall be paid in full and concurrently with Class Six Priority Unsecured Claims.

    | Creditor | Amount | Reason for Special Treatment |
    |---|---|---|
    | **NONE** | | |

8.  **Class Eight - General Unsecured Claims** shall be paid a pro-rata minimum of $ <u>4,765.50, pro rata.</u>

9.  **Class Nine - Executory Contracts and/or Unexpired Leases of Personal Property** [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365. Class Nine creditors shall be paid their continuing post petition monthly lease payment through the Trustee and shall be paid a monthly payment pro rata with the Class Two and Four creditors. Class Nine creditors shall be paid their pre-petition default in the amount set forth below pro-rata with Class Three creditors.

    Continuing, Post-Petition Obligations:

    | Creditor | Collateral | Assume/Reject | Regular Payment | Contract Expiration Date |
    |---|---|---|---|---|
    | **NONE** | | | | |

    Pre-petition Obligations

    | Creditor | Collateral | Estimate amount of default |
    |---|---|---|
    | **NONE** | | |

**C. PAYMENTS DIRECTLY BY DEBTOR TO CREDITORS**

1.  **Class One - Continuing Claims:** THAT ARE CURRENT AS OF THE DATE OF THE FILING OF THE Petition. Debtor shall commence payments from the date of the filing of the petition.

    | Creditor | Collateral |
    |---|---|
    | **NONE** | |

2.  **Class Two - Secured Claims that are co-signed.** Debtor/Co-signer shall maintain regular monthly payments from the date of the petition.

    | Creditor | Collateral |
    |---|---|
    | **NONE** | |

**D. PROPERTY SURRENDERED** The debtor will surrender debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors. Upon the entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362(d). If the surrendered property is not subject to 11 U.S.C. §1325(a)((), the creditor may file a deficiency claim after sale, which if allowed would be treated as Class Eight General Unsecured Claims as above. Said deficiency claim will be paid as a Class Eight Unsecured if such creditor timely files or amends its claim for such deficiency.

    **NONE**

**E. GENERAL PROVISIONS**

1. **Vesting, Possession of Estate Property and Lien Retention:** All property listed in the Debtor's schedules will remain vested in the estate until discharge or dismissal. The debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.
2. **Debtor's Causes of Action:** Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtor.
3. **Surrender or Abandonment of Collateral:** Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.
4. **Prohibition against Incurring Post-Petition Debt:** While this case is pending, the debtor will not incur debt without first obtaining approval from the Court or the Trustee..
5. **Proof of Claims Required for Distributions:** To receive distributions from the Trustee under this plan **all creditors, including holders of secured claims,** must file a proof of claim with the Bankruptcy Court.
6. **Debtor Duty to Maintain Insurance:** Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.
7. **Curing of Mortgage Defaults:** The rights of holders of claims secured solely by a mortgage on real property which is used as the principal residence of the debtor shall be modified only to the extent that (a) paying the amounts specified in the allowed claim, while making all post petition principal, interest and escrow payments, as required by the loan documents, shall result in full reinstatement of the mortgage according to its original terms and may extinguish any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection, and (b) all costs of collection, including attorneys' fees, that arise during the pendency of this case shall be claimed pursuant to the requirement of this Plan, and if not so claimed, may be waived upon completion of this Plan. The Mortgage Holder shall notify the trustee, the debtor and the attorney for the debtor of any (a) changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; and (b) changes in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment.
8. **Duty of Mortgage Holder to Provide Notice of Escrow Changes:** The Mortgage Holder shall send written notice to the trustee, the debtor and the debtor's attorney of any Escrow Changes each year, indicating the monthly mortgage payment change, if any, from the prior year's escrow analysis. This notice shall contain the escrow calculation showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B). Absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.
9. **Duty of Mortgage Holder to Provide Notice of Post Petition Fees and Costs incurred pursuant to the Mortgage.** The Mortgage Holder shall send written notice to the trustee, the debtor and the debtor's attorney of any Post-Petition fees, costs of collection, and all other contract charges alleged to accrue post-petition under the mortgage, including attorney's fees. Absent objection, those fees and costs would be deemed allowed as an administrative expense and paid through the estate as an allowed claim pro rata with Priority Claims. All costs of collection, including attorneys' fees, post-petition costs and other contract charges that accrue under the mortgage that arise during the pendency of this case shall be claimed by the mortgage holder pursuant to the provisions of this section, and if not so claimed, may be waived upon completion of this Plan. Notwithstanding the foregoing, no separate written notice shall be required to be sent by Mortgage Holder for those fees, costs, charges and expenses that are awarded or approved by bankruptcy court order or by debtor's written agreement.
10. **Entry of Orders Lifting Stay:** Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor and allowed.
11. **Secured Claims will be paid the value listed in the plan or the value of the collateral listed in the proof of claim - whichever is less.**
12. **It is the Debtor's intent to provide for every claim** unless specifically stated otherwise. Unless the claim is set forth specifically in this plan as a secured claim, the Debtor is purposely classifying the claim as unsecured and it will be treated as an unsecured.
13. **Loss or Destruction of Collateral:** In the event of the loss or other destruction of collateral, Debtor may, after notice to the Trustee, obtain and retain available proceeds for the sole purpose of acquiring substitute collateral of a value in excess of the secured creditors' remaining secured claim balance. Secured creditor shall release its lien and turn over title upon written request of Debtor's counsel in accordance with this paragraph.
14. **Other provisions:**

<pre>/s/David Lee Marker</pre>
David Lee Marker
Date signed:                                                    Date signed:

Loraine P. Troyer, #2127-20
Attorney for Debtor
121 N. Third St.
Goshen, IN  46526
574-534-2347

**LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY UNDER 11 U.S.C. §1325(A)(4)**

| TYPE OF PROPERTY | FAIR MARKET VALUE | AMOUNT LIEN PROVIDED FOR IN PLAN | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| REAL ESTATE | $65,000.00 | $63,856.00 | $1,144.00 | $17,600.00 | $0.00 |
| VEHICLES | $7,300.00 | $0.00 | $7,300.00 | $6,950.00 | $350.00 |
| HOUSEHOLD GOODS/ PERSONAL EFFECTS | $3,819.00 | $0.00 | $3,819.00 | $400.00 | $3,419.00 |
| JEWELRY | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| CASH / BANK ACCOUNTS | $1,416.88 | $0.00 | $1,416.88 | $350.00 | $1,066.88 |
| OTHER | $5,337.00<br>$3,600.00 | $0.00<br>$0.00 | $5,337.00<br>$3,600.00 | $2,000.00<br>$0.00 | $3,357.00<br>$3,600.00 |
| | | | | | |

| | |
|---|---|
| Amount available upon liquidation | $11,792.88 |
| Less Administrative expenses and costs | $2,967.48 |
| Less priority claims | $4,059.90 |
| Amount available in Chapter 7 | $4,765.50 |

**SUMMARY OF PAYMENTS TO AND FROM THE TRUSTEE**

FUNDING TO THE TRUSTEE

Length of Plan is 36 months

Debtor: $ 432.73 per month x 36 months per Plan

| | |
|---|---|
| Equals total to be paid into Plan | $15,578.28 |

DISBURSEMENTS FROM THE TRUSTEE

| | |
|---|---|
| Estimated trustee's fees | $778.78 |
| Attorney fees and costs | $5,975.00 |
| Total installment mortgage or other long-term debt payments months X $ per month | $0.00 |
| Total of arrearage including interest | $0.00 |
| Total secured claims, including interest | $0.00 |
| Total priority claims | $4,059.00 |
| Funds available for unsecured creditors | $4,765.50 |
| Total disbursements from Trustee | $ 15,578.28 |